UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

**SECURITIES AND EXCHANGE COMMISSION,**
   100 F Street, NE
   Washington, DC 20549
                            **Plaintiff,**

                                      v.                ___ Civ. No. _____

**POWELL CALDER,**
                                 **Defendant.**

---

## COMPLAINT

Plaintiff, the Securities and Exchange Commission (the "Commission"), for its Complaint alleges as follows:

## SUMMARY

1. This is an insider trading case. On April 19, 2005, defendant Powell Calder's sister-in-law, the executive assistant to the Chairman and Chief Executive Officer of Commercial Federal Corporation ("Commercial Federal"), learned that Commercial Federal might be acquired by BancWest Corporation. Sometime between that date and May 31, 2005, Calder's sister-in-law told her husband, Calder's brother, in confidence, about the possible acquisition. During this same time period, Calder's brother passed the information, in confidence, to Calder. Calder misappropriated the information from his brother by using it to purchase common stock of Commercial Federal prior to the public announcement of the proposed acquisition and by recommending the purchase of Commercial Federal to a friend. His friend purchased Commercial Federal common stock on the basis of Calder's recommendation.

2. Calder realized profits of $31,150, and his friend realized profits of $7,974, as a result of the increase in the value of their Commercial Federal common stock after the public announcement.

3. The defendant, unless restrained and enjoined, will continue to engage in transactions, acts, practices, and courses of business as set forth in this Complaint, or in similar illegal acts and practices.

4. The Commission requests that this Court permanently enjoin Powell Calder from violating the federal securities laws, order Calder to disgorge all his profits from insider trading in the securities of Commercial Federal, as well as the profits of his tippee, order him to pay prejudgment interest on those profits, impose a civil money penalty, and order such other and further relief as the Court may deem appropriate.

## JURISDICTION

5. This Court has jurisdiction over this action pursuant to Sections 21(d), 21(e), and 27 of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78u (d) and (e) and 78aa].

6. In connection with the transactions, acts, practices, and courses of business described in this Complaint, the defendant, directly and indirectly, made use of the means or instrumentalities of interstate commerce, of the mails, and/or of the means and instruments of transportation or communication in interstate commerce, and of the facilities of a national securities exchange.

## DEFENDANT

7. **Powell Calder,** age 61, resides in Florence, Texas. During the relevant time period, Calder was self-employed as a farmer and a ranch owner.

## RELEVANT ENTITIES

8.    **Commercial Federal Corporation** was a savings and loan holding company incorporated in Nebraska. Its corporate headquarters were located in Omaha, Nebraska. Its common stock, Shareholder Rights Plan, and 7.95% Subordinated Notes due December 2006 were all registered pursuant to Section 12(b) of the Exchange Act, and its common stock traded on the New York Stock Exchange.

9.    **BancWest Corporation** is a regional financial services company incorporated in Delaware and headquartered in Honolulu, Hawaii. BancWest Corporation ("BancWest") is a wholly owned subsidiary of BNP Paribas, a French financial institution. BancWest acquired Commercial Federal on December 2, 2005, for $34 per share of Commercial Federal common stock.

## FACTS

10.    Between March 7, 2005, and June 13, 2005, BancWest engaged in confidential efforts to acquire Commercial Federal. Prior to the public announcement on June 13, 2005, of BancWest's intent to acquire Commercial Federal, Commercial Federal engaged in confidential and nonpublic internal discussions, meetings, and analyses regarding the possible acquisition.

11.    On June 13, 2005, Commercial Federal and BancWest jointly announced that they had entered into a merger agreement pursuant to which Commercial Federal would be merged into Bank of the West, a wholly owned subsidiary of BancWest, and each share of Commercial Federal common stock would be converted into the right to receive $34 in cash. Following the public announcement, the market price of Commercial Federal common stock rose substantially, from a closing price of $25.94 per share on the day prior to the announcement to a closing price of $33.95 per share on the day of the announcement.

12. Prior to the public announcement of the proposed acquisition of Commercial Federal, Commercial Federal's information relating to the acquisition was considered confidential by Commercial Federal and was to be used solely for its corporate purposes.

13. By reason of her employment at Commercial Federal, Calder's sister-in-law had access to confidential information of the company. On April 19, 2005, during the course of her employment, she saw a letter from the Chief Executive Officer ("CEO") of BancWest Corporation addressed to the CEO of Commercial Federal indicating that BancWest had engaged an investment banking firm to help in a possible acquisition of Commercial Federal. During the course of her employment she also had a conversation with Commercial Federal's CEO about BancWest's interest in acquiring Commercial Federal. She subsequently assisted Commercial Federal's CEO by typing documents and arranging meetings concerning the possible acquisition.

14. Sometime between April 19, 2005, and May 31, 2005, Calder's sister-in-law told her husband, Calder's brother, that she was afraid that Commercial Federal might be sold and that she was worried about the jobs of the bank's employees. She also told him that the information was confidential.

15. In a subsequent telephone call during the same time period, Calder's brother told Calder that his wife thought she might lose her job because she was afraid that Commercial Federal was going to be sold. Calder's brother expected that Calder would keep this information confidential. Calder and his brother had a history and practice of sharing and maintaining confidences.

16. On May 31, 2005, Calder purchased a total of 3,500 shares of Commercial Federal common stock, in two separate transactions.

17. Calder subsequently recommended Commercial Federal to a friend as an acquisition possibility, and the friend purchased Commercial Federal common stock on the basis of that recommendation.

18. After the June 13, 2005, public announcement of the proposed acquisition of Commercial Federal, Calder realized profits of $31,150 and his friend realized profits of $7,974.

## VIOLATIONS OF SECTION 10(b) OF THE EXCHANGE ACT
## [15 U.S.C. § 78(b)] AND RULE 10b-5 [17 C.F.R. § 240.10b-5]

19. Paragraphs 1 through 18 are realleged and incorporated herein by reference.

20. At all relevant times, Calder knew or was reckless in not knowing that the information he received from his brother concerning the possible acquisition of Commercial Federal was material and nonpublic.

21. At all relevant times herein, Calder's brother expected that Calder would keep confidential any nonpublic information he learned, directly or indirectly, from him about the possible acquisition of Commercial Federal.

22. Calder knew, or was reckless in not knowing, that he violated his duty of trust and confidence to his brother by trading in Commercial Federal common stock before the June 13, 2005, announcement on the basis of the material nonpublic information he had received from his brother, and by tipping his friend concerning Commercial Federal.

23. Calder knew, or was reckless in not knowing, that his friend could reasonably be expected to purchase Commercial Federal securities on the basis of Calder's recommendation.

24. By reason of the foregoing, Powell Calder violated, and unless restrained will violate, Section 10(b) of the Exchange Act [15 U.S.C. § 78j (b)] and Exchange Act Rule 10b-5 [17 C.F.R. § 240.10b-5].

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

### I.

Permanently restrain and enjoin Powell Calder, and his officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with him, and each of them, from violating Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)], and Exchange Act Rule 10b-5 [17 C.F.R. § 240.10b-5].

### II.

Order the defendant to account for and disgorge all profits, and prejudgment interest thereon, that he obtained or caused others to obtain as a result of the conduct described above.

### III.

Order the defendant to pay a civil penalty under Section 21A(a) of the Exchange Act [15 U.S.C. § 78u-1(a)].

## IV.

Grant such other relief as this Court may deem just and appropriate.

Dated: October 4, 2007

Respectfully submitted,

*/s/ Mark Adler*

Mark Adler
(Deputy Chief Litigation Counsel)
Scott Friestad
David Frohlich (DC Bar No. 425928)
Louis J. Gicale, Jr. (DC Bar No. 443258)

Attorneys for Plaintiff
Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C. 20549-4010-A
Telephone:   (202) 551-4402 (Adler)
Facsimile:   (202) 772-9245 (Adler)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SECURITIES AND EXCHANGE COMMISSION,

                        Plaintiff,

          v.

POWELL CALDER,

                        Defendant.

C.A. No. __-____ (    )

**FINAL JUDGMENT AS TO DEFENDANT POWELL CALDER**

The Securities and Exchange Commission having filed a Complaint and Defendant POWELL CALDER having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any

facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $39,124, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $6,039.84, and a civil penalty in the amount of $31,150 pursuant to Section 21A(a) [15 U.S.C. 78u-1] of the Exchange Act. Defendant shall satisfy this obligation by paying $76,313.84, within ten (10) business days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Powell Calder as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C.

§ 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: _____, _____

_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                              Plaintiff,<br><br>              v.<br><br>POWELL CALDER,<br><br>                              Defendant. | C.A. No. __-____ ( ) |

## CONSENT OF DEFENDANT POWELL CALDER

1. Defendant Powell Calder ("Defendant") waives service of a summons and the Complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2. Without admitting or denying the allegations of the Complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the Final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

> (a) permanently restrains and enjoins Defendant from violation of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5];
>
> (b) orders Defendant to pay disgorgement in the amount of $39,124, plus prejudgment interest thereon in the amount of $6,039.84; and
>
> (c) orders Defendant to pay a civil penalty in the amount of $31,150 under Section 21A(a) [15 U.S.C. 78u-1] of the Exchange Act.

1

3. Defendant agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendant further agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

4. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5. Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6. Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7. Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8. Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9. Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

10. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the Complaint in this action.

11. Defendant understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction

while denying the allegation in the Complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendant agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the Complaint or creating the impression that the Complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the Complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

13. Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

14. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: 8/15/2007

_____
Powell Calder

On __15__, 2007, August - Powell Calder, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

[Notary Seal: Dana Gurley, My Commission Expires 01/10/2010, Notary Public State of Texas]

_____
Notary Public
Commission expires:

5

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

07-1786
ESH

**I (a) PLAINTIFFS**

Securities & Exchange Commission

1104

**DEFENDANTS**

Powell Calder

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY) Williamson, Texas
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Mark Adler, Esq.
100 F. Street, N.E.
Washington, D.C. 20549-4010-A
(202) 551-4402

Case: 1:07-cv-01786
Assigned To : Huvelle, Ellen S.
Assign. Date : 10/4/2007
Description: General Civil

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

- ● 1 U.S. Government Plaintiff
- ○ 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

**IV. CASE ASSIGNMENT AND NATURE OF SUIT**
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

**○ A. Antitrust**
- [ ] 410 Antitrust

**○ B. Personal Injury/Malpractice**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Medical Malpractice
- [ ] 365 Product Liability
- [ ] 368 Asbestos Product Liability

**○ C. Administrative Agency Review**
- [ ] 151 Medicare Act

Social Security:
- [ ] 861 HIA ((1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g)
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g)

Other Statutes
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**● E. General Civil (Other)**       OR       **○ F. Pro Se General Civil**

Real Property
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent, Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

Personal Property
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

Bankruptcy
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

Prisoner Petitions
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

Property Rights
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

Federal Tax Suits
- [ ] 870 Taxes (US plaintiff or defendant
- [ ] 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
- [ ] 610 Agriculture
- [ ] 620 Other Food &Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 RR & Truck
- [ ] 650 Airline Regs
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

Other Statutes
- [ ] 400 State Reapportionment
- [ ] 430 Banks & Banking
- [ ] 450 Commerce/ICC Rates/etc.
- [ ] 460 Deportation

- [ ] 470 Racketeer Influenced & Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Satellite TV
- [ ] 810 Selective Service
- [x] 850 Securities/Commodities/Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 900 Appeal of fee determination under equal access to Justice
- [ ] 950 Constitutionality of State Statutes
- [ ] 890 Other Statutory Actions (if not administrative agency review or Privacy Act

— 0 —

C/FJ

| ○ G. **Habeas Corpus/ 2255** | ○ H. **Employment Discrimination** | ○ I. **FOIA/PRIVACY ACT** | ○ J. **Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. **Labor/ERISA (non-employment)** | ○ L. **Other Civil Rights (non-employment)** | ○ M. **Contract** | ○ N. **Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ◉ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
15 U.S.C. Section 78j(b) and 17 C.F.R. 240.10b-5; Insider trading in violation of federal securities laws

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ permanent injunction, disgorgement, etc.   Check YES only if demanded in complaint
JURY DEMAND:   YES ☐   NO ☒

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 10/4/07   SIGNATURE OF ATTORNEY OF RECORD _[signature]_

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.